# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| **IRA JEROME ROSS** | **CIVIL ACTION NO. 19-05-P** |
| **VERSUS** | **JUDGE FOOTE** |
| **KEITH COOLEY** | **MAGISTRATE JUDGE HORNSBY** |

## MEMORANDUM ORDER

Before the court is a petition for writ of habeas corpus filed by pro se petitioner Ira Jerome Ross ("Petitioner"), pursuant to 28 U.S.C. §2254. This petition was received and filed in this court on January 2, 2019. Petitioner is incarcerated at the Allen Correctional Center in Kinder, Louisiana. He challenges his state court conviction and sentence. He names Keith Cooley as respondent.

On April 13, 2005, Petitioner was convicted of one count of attempted second degree murder in the Louisiana First Judicial District Court, Parish of Caddo. Subsequently, he was sentenced to 50 years imprisonment at hard labor without benefit of parole, probation, or suspension of sentence. Petitioner's conviction and sentence were affirmed on appeal. State v. Ross, 42,399 (La. App. 2 Cir. 8/29/07), 965 So.2d 610.

In support of this petition, Petitioner alleges the State failed to disclose favorable evidence.

The documentation submitted by Petitioner demonstrates that his claims were not properly exhausted through the appropriate state courts. The documentation submitted by Petitioner includes a copy of an opinion from the Supreme Court of Louisiana which shows

his post-conviction relief claims were denied as untimely and for failure to carry his burden to show that an exception applies. State Ex Rel. Ross v. State, 2017-1713, 257 So.3d 668 (La. 12/03/18).

Habeas corpus relief is available to a person who is in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. However, the right to pursue habeas relief in federal court is not unqualified. It is well settled that a petitioner seeking federal habeas corpus relief cannot collaterally attack his state court conviction in federal court until he has exhausted all available state remedies. Rose v. Lundy, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); Minor v. Lucas, 697 F.2d 697 (5th Cir. 1983).

This requirement is not a jurisdictional bar but a procedural one erected in the interest of comity providing state courts first opportunity to pass upon and correct alleged constitutional violations. Picard v. Connor, 404 U.S. 270, 275, 92 S.Ct.509, 30 L.Ed.2d 438, 443 (1971); Rose v. Lundy, supra.

When state remedies are rendered unavailable by the petitioner's own procedural default, federal courts are barred from reviewing those claims. Sones v. Hargett, 61 F.3d 410 (5th Cir. 1995). Assuming the state procedural bar operates as an independent and adequate state ground, the procedural default doctrine applies, and federal review is barred unless petitioner can demonstrate cause for the default and actual prejudice because of the alleged violation of federal law or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. Sones v. Hargett, 61 F.3d at 418, citing Coleman v. Thompson, 501 U.S. 722, 750, 111 S.Ct. 2546, 2565, 115 L.Ed.2d 640 (1991).

Petitioner must demonstrate cause for his failure to present his claims to the appropriate state courts and actual prejudice as a result of the alleged assignment of error or demonstrate that this court's failure to consider the claim will result in a fundamental miscarriage of justice.

Accordingly;

**IT IS ORDERED** that Petitioner submit a written response showing cause and actual prejudice or demonstrating that this court's failure to consider his claim will result in a fundamental miscarriage of justice.

**Failure to comply with this order or failure to keep the court apprised of an address change will result in dismissal of this petition pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Rule 41.3W of the Uniform Local Rules for the District Courts of Louisiana.**

**THUS DONE AND SIGNED**, in chambers, at Shreveport, Louisiana, on this the 17th day of January 2019.

Mark L. Hornsby
U.S. Magistrate Judge