# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| **IRA JEROME ROSS** | **CIVIL ACTION NO. 19-05-P** |
| **VERSUS** | **JUDGE FOOTE** |
| **KEITH COOLEY** | **MAGISTRATE JUDGE HORNSBY** |

## REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIM

Before the court is a petition for writ of habeas corpus filed by pro se petitioner Ira Jerome Ross ("Petitioner"), pursuant to 28 U.S.C. §2254. This petition was received and filed in this court on January 2, 2019. Petitioner is incarcerated at the Allen Correctional Center in Kinder, Louisiana. He challenges his state court conviction and sentence. He names Keith Cooley as respondent.

On April 13, 2005, Petitioner was convicted of one count of attempted second degree murder in the Louisiana First Judicial District Court, Parish of Caddo. On October 20, 2005, he was sentenced to 50 years imprisonment at hard labor without benefit of parole, probation, or suspension of sentence. Petitioner's conviction and sentence were affirmed on appeal. State v. Ross, 42,399 (La. App. 2 Cir. 8/29/07), 965 So.2d 610. He did not seek writs of review in the Supreme Court of Louisiana.

In support of this petition, Petitioner alleges the State failed to disclose favorable evidence which was an audio tape recording of an interview with witness LaSonia Haley on the day of the crime.

Petitioner's claim was not properly exhausted through the appropriate state courts. Petitioner filed his fourth application for post-conviction relief in the trial court on October 27, 2015. The trial court denied his application for post-conviction relief on April 28, 2017. On July 19, 2017, Petitioner sought supervisory review in the Louisiana Second Circuit Court of Appeals. On September 7, 2017, the Louisiana Second Circuit Court of Appeal denied Petitioner's writ application. In June of 2018, Petitioner sought writs of review in the Supreme Court of Louisiana. On December 3, 2018, the Supreme Court of Louisiana dismissed his application for post-conviction relief pursuant to Louisiana's procedural bar La. C.Cr.P. art. 930.8 as untimely and for failure to show that an exception applied. State ex rel. Ross v. State, 2017-1713 (La. 12/3/18).

On January 17, 2019, Petitioner was ordered to demonstrate cause for his failure to present his claim to the appropriate state courts and actual prejudice as a result of the alleged assignment of error or to demonstrate that this court's failure to consider his claim will result in a fundamental miscarriage of justice [Doc. 5]. On January 28, 2019, Petitioner filed a response in which he argues that his claims were properly exhausted in the state courts because he raised them in the Louisiana First Judicial District Court, the Louisiana Second Circuit Court of Appeals, and the Supreme Court of Louisiana. He also claims the State failed to disclose the audio tape of defense witness Lasonia Haley until September

23, 2011 [Doc.1, p. 47]. He claims his trial counsel could not properly prepare a trial defense or cross-examine her at trial about her original statement which differed from her trial testimony [Doc. 8]. Plaintiff claims that at trial, Haley testified about the owner of an SUV rental truck that was used in the crime. He claims Haley also testified at trial that she allowed Petitioner to use the rental truck on the day of the crime. Petitioner claims that her trial testimony caused the jury to believe that she saw him leave in the vehicle before the crime was committed. Petitioner claims the audio recording proves that Haley did not see him leave in the SUV rental truck because she told Detective Rod Johnson that when she left her residence on the morning of the crime, Petitioner and his co-defendant were still at home [Doc. 1, pp. 57-58].

For the reasons stated below, Petitioner's complaint should be dismissed.

## LAW AND ANALYSIS

Habeas corpus relief is available to a person who is in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. However, the right to pursue habeas relief in federal court is not unqualified. It is well settled that a petitioner seeking federal habeas corpus relief cannot collaterally attack his state court conviction in federal court until he has exhausted all available state remedies. Rose v. Lundy, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); Minor v. Lucas, 697 F.2d 697 (5th Cir. 1983).

This requirement is not a jurisdictional bar but a procedural one erected in the interest of comity providing state courts first opportunity to pass upon and correct alleged

constitutional violations. Picard v. Connor, 404 U.S. 270, 275, 92 S.Ct.509, 30L.Ed.2d 438, 443 (1971); Rose v. Lundy, supra. When, however, state remedies are rendered unavailable by the petitioner's own procedural default, federal courts are barred from reviewing those claims. Sones v. Hargett, 61 F.3d 410 (5th Cir. 1995). Assuming the state procedural bar operates as an independent and adequate state ground, the procedural default doctrine applies, and federal review is barred unless the petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. Sones v. Hargett, 61 F.3d at 418, citing Coleman v. Thompson, 501 U.S. 722, 750, 111 S.Ct. 2546, 2565, 115 L.Ed.2d 640 (1991).

In procedural default cases, the cause standard requires the petitioner to show that some objective factor external to the defense impeded counsel's [or petitioner's] efforts to develop the "factual or legal basis of the claim." Murray v. Carrier, 477 U.S. 478, 488, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986). Objective factors that constitute cause include "interference by officials" that makes compliance with the state procedural rule impracticable and "a showing that the factual or legal basis for a claim was not reasonably available to counsel." Id.

The Supreme Court has long held that comity concerns dictate that a state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims. Coleman, 501 U.S. at 731; Rose v. Lundy, 455 U.S. 509,518, 102 S.Ct. 1198, 1203, 71 L.Ed.2d 379 (1982). Just as in those cases in which

a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance.

The independent and adequate state ground doctrine ensures that the State's interest in correcting their own mistakes is respected in all federal habeas cases. In the absence of the independent and adequate state ground doctrine, habeas petitioners would be able to avoid the exhaustion requirement by defaulting their federal claims in state court. Id. While subject to rebuttal by the petitioner, the procedural default doctrine presumes that the "state court's [express] reliance on a procedural bar functions as an independent and adequate ground in support of the judgment." Sones, 61 F.3d at 416.

Petitioner argues his claims are not procedurally barred because they are based on newly discovered evidence. Petitioner has failed to show that his claims are based on newly discovered evidence. Petitioner fails to demonstrate Haley's undisclosed audio recorded statement contradicted her trial testimony. Petitioner has failed to allege that any evidence actually exists which would prove his innocence.

Because Petitioner has failed to make a showing of cause, the procedural default rule applies, without the necessity of considering whether the alleged constitutional error caused actual prejudice. Murray v. Carrier, 477 U.S. 478, 496, 106 S.Ct. 2639, 2649, 91 L.Ed.2d 397 (1986)); Glover v. Hargett, 56 F.3d 682, 684 (5th Cir. 1995).

Furthermore, Glover v. Cain, 128 F.3d 900 (5th Cir. 1997) clearly establishes that La. C.Cr.P. art. 930.8 is an independent and adequate state ground for rejecting an application for post-conviction relief.

There is a narrow exception to the "cause" requirement which allows the court to consider a claim otherwise abusive. If the petitioner can demonstrate that the alleged constitutional violation probably has caused the conviction of an innocent person and the failure to entertain the claim would result in "a fundamental miscarriage of justice," the court may consider the claim. Murray v. Carrier, supra. The question whether there has been a miscarriage of justice "is concerned with actual as compared with legal innocence." Sawyer v. Whitley, 505 U.S. 333, 339-342, 112 S.Ct. 2514, 2519-20, 120 L.Ed.2d 269 (1992). "The term 'actual innocence' means factual, as opposed to legal, innocence --'legal innocence', of course, would arise whenever a constitutional violation by itself requires reversal, whereas 'actual' innocence . . . means that the person did not commit the crime." Johnson v. Hargett, 978 F.2d 855, at 859, (5th Cir. 1992). To fall within the actual innocence exception, a habeas petitioner must show that the trier of facts would have entertained a reasonable doubt of his guilt. Kuhlmann v. Wilson, 477 U.S. 436, at 454 n. 17, 106 S.Ct. 2616, at 2627 n. 17. To establish actual innocence, a petitioner must "support his allegations with new, reliable evidence that was not presented at trial and must show that it was more likely than not that no reasonable juror would have convicted him in light of the new evidence.'" Fairman v. Anderson, 188 F.3d 635 (5th Cir. 1999) (citing Schlup v. Delo, 513 U.S. 298, 327, 115 S.Ct.851, 130 L.Ed.2d 808 (1995)).

Petitioner has not provided any new and reliable evidence of his innocence. Furthermore, the Louisiana Courts found that the evidence was sufficient to support Petitioner's conviction beyond a reasonable doubt. The Louisiana Second Circuit Court of Appeal found the following:

> Viewed in the light most favorable to the prosecution, both the direct evidence and the conclusions that can reasonably be inferred from the circumstances are sufficient for a rational trier of fact to conclude beyond a reasonable doubt that defendant was guilty of every essential element of the crime of attempted second degree murder, including the specific intent to kill. See State v. Sutton, supra; State v. Owens, supra. The record further reflects that the state negated any reasonable probability of misidentification, thus carrying its burden of proof that the defendant was a perpetrator of the crime of attempted second degree murder. See State v. Powell, supra.

State v. Ross, 42,399 (La. App. 2 Cir. 8/29/07, 6); 965 So.2d 610, 616. Thus, the evidence of Petitioner's guilt is overwhelming.

Accordingly;

**IT IS RECOMMENDED** that Petitioner's application for habeas corpus relief be **DENIED**, and that this action be **DISMISSED WITH PREJUDICE**.

## OBJECTIONS

Under the provisions of 28 U.S.C. 636(b)(1)(c) and Fed. R. Civ. Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. Proc. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within fourteen (14) days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

An appeal may not be taken to the court of appeals from a final order in a proceeding under 28 U.S.C. § 2254 unless a circuit justice, circuit judge, or district judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c); F.R.A.P. 22(b).  Rule 11 of the Rules Governing Section 2254 Proceedings for the U.S. District Courts requires the district court to issue or deny a COA when it enters a final order adverse to the applicant. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 120 S.Ct. 1595, 1604 (2000). A party may, within fourteen (14) days from the date of this Report and Recommendation, file a memorandum that sets forth arguments on whether a COA should issue.

**THUS DONE AND SIGNED** in chambers at Shreveport, Louisiana, this 7th day of May, 2020.

Mark L. Hornsby
U.S. Magistrate Judge